UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **CHRISTOPHER ERICKSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COLLINS ASSET GROUP, LLC and POTESTIVO & ASSOCIATES, PC,**<br><br>**Defendants.** | Case No. _____<br><br>Hon.<br><br>**COMPLAINT**<br>**AND**<br>**JURY DEMAND** |

## COMPLAINT & JURY DEMAND

### INTRODUCTION

1. Plaintiff, Christopher Erickson ("ERICKSON" or "PLAINTIFF") brings this action against Defendants Collins Asset Group, LLC ("Collins") and Potestivo & Associates, PC ("Potestivo").

2. Defendant Collins violated the Fair Debt Collection Practices Act Michigan Occupation Code ("MOC"), MCL 339.901 et seq; and/or the Michigan Regulation of Collections Practice Act, ("MRCPA") MCL 445.251 et seq., by impermissibly causing Potestivo to file a debt collection lawsuit in state court against Plaintiff that was time barred.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (supplemental jurisdiction over the state law claims) and 15 U.S.C. §1692k (FDCPA). This Court may exercise supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts.

4. Venue and personal jurisdiction over Defendants in this District is proper because:

   a. Plaintiff resides in the District; and

   b. Defendants caused to be filed the subject collection lawsuit filed against Plaintiff within a county located within the District; and

   c. Defendant Potestivo maintains an office within the District; and

   d. Collins transacts business within the District.

## PARTIES

5. Plaintiff is a natural person who resides within a Michigan county located within the Eastern District of Michigan and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA and MOC.

7. Defendant Collins, upon information and belief, has its corporate headquarters located in Austin Texas.

8. Collins is a debt collector under the FDCPA as it is in the business of regularly collecting debts. *Herkert v. MRC Receivables Corp.,* 655 F. Supp. 2d 870, 880 (N.D. Ill 2009); *Miller v Midland Credit Mgmt., Inc.,* 621 F. Supp. 2d 621, 634-35 (N.D. Ill. 2009); *Hernandez v. Midland Credit Mgmt., Inc.,* No. .4 C 7844, 2007 U.S. Dist. LEXIS 16054, 2007 WL 2874059, at * 14-16 (N.D. Ill Sept. 25, 2007); *Jackson v. Midland Funding, LLC,* 754 F. Supp. 2d 711,715 n.5 (D. N.J. 2010) *aff'd* 468 Fed. Appx. 123; 2012 U.S. App. LEXIS 3025 (3d Cir. 2012) (unpublished).

9. Collins is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 472 (7th Cir.2007).

11. Potestivo regularly files state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore is a debt collector. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

12. In *Heintz,* 514 U.S. at 294, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court also held that the FDCPA "applies to the litigating

3

activities of lawyers." Relying on that holding, federal "circuit courts have widely recognized that litigation-related conduct, including the filing of formal complaints, can give rise to claims under the Act." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F.Supp.3d 251, 260 (D.D.C.2015).

13. Collins is a "collection agency" and "licensee" as the terms are defined and used in MOC. Alternatively, Collins is a "regulated person" as the term is defined and used in the MRCPA.

14. Potestivo is a "regulated person" as the term is defined and used in the MRCPA. Alternatively, Potestivo is a "collection agency" and "licensee" as the terms are defined and used in MOC.

## FACTS

15. In 2006, on information and belief, Plaintiff incurred a financial obligation (the "Debt" or "account") to Quicken Loans (the "creditor"), which he used to finance and purchase consumer goods.

16. The Debt arose from a transaction with the Creditor, which was primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

17. Thereafter losing his employment Plaintiff became unable to pay the debt.

4

18. On or about October 19, 2016 Defendant Collins, by and through their attorneys Potestivo, filed a collection lawsuit in the Lapeer County Circuit Court (the "Complaint") seeking to collect on the Debt owed to Collins.

19. Attached to the Complaint was an Exhibit purporting to declare that over time, the debt had been transferred. sold or assigned to Collins.

20. A redacted true and correct copy of the Complaint and all of the attachments is attached hereto as Exhibit 1.

21. At the time the Complaint was filed, the account was in default for more than six years.

22. At the time the Complaint was filed, no payment on the account had been made for more than six years.

23. At the time the Complaint was filed, Plaintiff did not have a legally enforceable obligation to pay the Debt.

24. At the time the Complaint was filed, the debt was time barred by the Michigan statute of limitations and all attempts to recover the debt through legal action were illegal and in violation of the FDCPA, the MOC and the MRCPA.

25. The filing of a time-barred lawsuit by a debt collector has been held to constitute a violation of 15 U.S.C. 1692e and 1692f for falsely representing the legal status of a debt and employing an unfair means to attempt to collect

5

a debt. *Phillips v. Asset Acceptance, L.L.C.*, 736 F.3d 1076, 1079 (7th Cir.2013); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, L.L.C.*, 702 F.Supp.2d 826, 833 (N.D.Ohio 2010).

26. Defendants also inflated the amount of debt allegedly due and owing from Plaintiff and claimed for in Defendants' collection lawsuit by causing illegal fees, interest and/or other costs to be added to the balance which were not permissible by contract or law.

## COUNT I - FDCPA

27. Plaintiff incorporates paragraphs 1-26 above.

   **15 U.S. C § 1692e,** in pertinent part, provides:

   A debt collector many not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is in violation of this section:

   * * *

   (2) The false representation of –
      (A) the character, amount, or legal status of any debt…

   * * *

   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…

   * * *

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

6

**15 U.S. C § 1692f,** in pertinent part, provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

28. The FDCPA broadly prohibits unfair or unconscionable collection methods including filing suit on a time barred debt. See e.g. *Murray v. CCB Credit Services, Inc.,* 04 C 7456, 2004 U.S. Dist. LEXIS 25361, 2004 WL 2943656, at \*2 (N.D. Ill. Dec. 15, 2004) ("[A] violation of the FDCPA occurs if the attempt to collect the time-barred debt is accompanied by a threat to sue, or if litigation has actually begun."); Walker *v. Cash Flow Consultants, Inc.,* 200 F.R. D. 613, 616 (N.D. Ill. 2001); *Kimber v. Federal Financial Corp.,* 668 F. Supp. 1480 (M.D. Ala. 1987).

29. Defendants' conduct related to the state court matter violated 15 U.S.C § 1692 e(2)(A), e(5) and e(10).

30. 15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendants' conduct related to the state court matter violated 15 U.S.C § 1692f and f(1).

## COUNT II - The Michigan Regulation of Collection Practices Act

32. PLAINTIFF incorporates the preceding allegations by reference.

33. Defendants and its employee/agents, are "regulated persons" as defined by MCL 445.251(g) (x), (xi) in the, MCL 445.251, et seq., i.e. the Michigan Regulation of Collection Practices Act.

34. PLAINTIFF is a person whom the act was intended to protect, MCL 445.251(d).

35. Defendants' foregoing acts in attempting to collect this debt against PLAINTIFF constitute violations of the Michigan Regulation of Collections Practices Act, including, but not limited to the following provisions of the Michigan Regulation of Collection Practices Act, MCL 445.252:

   (a) Communicating with a debtor in a misleading or deceptive manner, ....

   (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt ….

   (f) Misrepresenting in a communication with a debtor 1 or more of the following:

   (i) The legal status of a legal action being taken or threatened.
   (ii) The legal rights of the creditor or debtor.

   (n) Using a harassing, oppressive, or abusive method to collect a debt, ….

   (q) Failing to implement a procedure designed to prevent a

      violation by an employee.

36. PLAINTIFF has suffered damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

37. In defending the state court matter, Plaintiff incurred out of pocket actual damages.

### COUNT III - The Michigan Occupational Code

38. PLAINTIFF incorporates the preceding allegations by reference.

39. Defendants and its employee/agents, are a "collection agency" as defined by MCL 339.901 (b) and/or a "collection agency manager" as defined by MCL 339.901 (c).

40. PLAINTIFF is a person whom the act was intended to protect, MCL 339.901(f).

41. Defendants' foregoing acts in attempting to collect this debt against PLAINTIFF constitute violations of the Michigan Occupational Code, including, but not limited to the following provisions of the Michigan Occupational Code, MCL 339.915:

    (a)     Communicating with a debtor in a misleading or deceptive manner, ....

    (e)     Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt ….

    (f)     Misrepresenting in a communication with a debtor 1 or more of the following:

    (i) The legal status of a legal action being taken or threatened.
    (ii) The legal rights of the creditor or debtor.

 (n) Using a harassing, oppressive, or abusive method to collect a debt, ….

 (q) Failing to implement a procedure designed to prevent a violation by an employee.

42. PLAINTIFF has suffered damages as a result of these willful violations of the Michigan Occupational Code.

43. In defending the state court matter, Plaintiff incurred out of pocket actual damages.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff requests this Honorable court to enter judgment for Plaintiff and against Defendants for:

 a. Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

 b. Statutory damages.

 c. Treble damages.

 d. Statutory costs and attorney fees.

 e. Such other or further relief as this Court deems proper.

Dated: January 6, 2017       Respectfully Submitted,

REX ANDERSON, PC

*/s/ Rex C Anderson*
Rex C. Anderson (P47068)
Attorney for Plaintiff
9459 Lapeer Rd. Ste. 101
Davison MI 48423
(810) 653-3300
rex@rexandersonpc.net