UNITED STATES DISTRICT COURT
EASTERN MICHIGAN OF MICHIGAN

CHRISTOPHER ERICKSON,

    Plaintiff,

v.

COLLINS ASSET GROUP LLC and
POTESTIVO AND ASSOC. PC,

    Defendants.

Case No.: 5:17-cv-10045-JCO-APP
Hon. Judge John Corbett O'Meara
Magistrate Judge Anthony P. Patti

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Collins Asset Group LLC ("Collins") and Potestivo and Assoc. PC ("Potestivo") (together, "Defendants") submit this Answer to Plaintiff's First Amended Complaint ("FAC"). Defendants deny each and every allegation in the FAC unless otherwise set forth in this Answer.

## INTRODUCTION

1. Defendants admit that Plaintiff purports to bring an action against Defendants but deny that Defendants have violated the law or are liable to Plaintiff.

2. Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

1

4. Defendants admit that: (a) a state court collection lawsuit was filed against Plaintiff in a judicial district court located within this venue; and (b) Potestivo maintains an office within this district. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## PARTIES

5. Upon information and belief, Defendants admit the allegations in this paragraph.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Defendants admit the allegations in this paragraph.

8. Defendants admit the allegations in this paragraph.

9. Defendants admit the allegations in this paragraph.

10. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

11. Defendants admit the allegations in this paragraph.

12. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

13. Defendants deny that Collins is a "collection agency" and "licensee" as those terms are defined and used in the MOC. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

14. Defendants deny that Potestivo is a "collection agency" and "licensee" as those terms are defined and used in the MOC. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

## FACTS

15. Upon information and belief, Defendants admit that Plaintiff obtained a mortgage loan from Quicken Loans on or about December 26, 2006 (the "Debt"). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Defendants admit the allegations in this paragraph.

19. Defendants admit that the note underlying the Debt was attached to the state court complaint as Exhibit 1.

20. Defendants admit that correspondence sent by Collins to Plaintiff was attached to the state court complaint as Exhibit 2.

21. Defendants admit that correspondence sent by Collins to Plaintiff was attached to the state court complaint as Exhibit 3.

22. Defendants admit the allegations in this paragraph.

23. Defendants deny the allegations in this paragraph.

24. Defendants deny the allegations in this paragraph.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26.     Defendants deny the allegations in this paragraph.

27.     Defendants deny the allegations in this paragraph.

28.     This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants admit that M.C.L. § 600.5807(8) sets forth the applicable statute of limitation for some but not all actions alleging damages for a breach of contract. Answering further, Defendants deny that M.C.L. § 600.5807(8) is applicable to the state court collection lawsuit.

29.     Defendants deny the allegations in this paragraph.

30.     Defendants deny the allegations in this paragraph.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to deny that the Debt was time-barred.

32.     Defendants deny that the Debt was time-barred and further deny that such disclosures were legally required.

33.     Defendants deny that the Debt was time-barred and further deny that such disclosures were legally required.

34.     This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

### COUNT I – FDCPA

37. Defendants reassert their prior responses as if fully set forth in this paragraph.

38. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

39. This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants admit that Plaintiff has correctly cited a portion of 15 U.S.C. § 1692e.

40. This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants admit that Plaintiff has correctly cited a portion of 15 U.S.C. § 1692f.

41. This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants admit that Plaintiff has correctly cited a portion of 15 U.S.C. § 1692g.

42. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

43. Defendants deny the allegations in this paragraph.

44. This paragraph contains no factual allegations against Defendants; therefore, no response is required. To the extent a response is required, Defendants admit that Plaintiff has correctly cited a portion of 15 U.S.C. § 1692f.

45. Defendants deny the allegations in this paragraph.

46. Defendants deny the allegations in this paragraph.

47. Defendants deny the allegations in this paragraph.

## COUNT II – The Michigan Regulation of Collection Practices Act

48. Defendants reassert their prior responses as if fully set forth in this paragraph.

49. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants deny the allegations in this paragraph.

54. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## COUNT III – The Michigan Occupational Code (alternative to Count II)

55. Defendants reassert their prior responses as if fully set forth in this paragraph.

56. Defendants deny the allegations in this paragraph.

57. Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants deny the allegations in this paragraph.

61. Defendants deny the allegations in this paragraph.

## CLASS ALLEGATIONS

62. Defendants admit that Plaintiff seeks to certify one or more class(es) of persons but deny that certification is proper pursuant to Fed. R. Civ. Proc. 23.

63. Defendants admit that Plaintiff seeks to certify one or more class(es) of persons but deny that certification is proper pursuant to Fed. R. Civ. Proc. 23.

64. Defendants deny the allegations in this paragraph.

65. This paragraph contains no factual allegations against Defendants; therefore, no response is required.

66. Defendants deny the allegations in this paragraph.

67. Defendants deny the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. To the extent Plaintiff lacks Article III standing, this Court lacks subject matter jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. To the extent Defendants' conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

4. The claims of Plaintiff and/or the putative class are subject to res judicata, issue preclusion and the collateral attack doctrine to the extent judgements have been (or will be) entered against them in state court.

5. Certification of the putative state law class claims is barred by MCR 3.501(A)(5).

                                                Respectfully Submitted,

                                                /s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712

Dated: February 27, 2017              colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on February 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

                          /s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**